STATE OF WEST VIRGINIA

FILED
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAMELA CHANZE,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1635**  (BOR Appeal No. 2045887)
(Claim No. 2009069878)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**JOHN HENTHORN,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela Chanze, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 4, 2011, in which the Board affirmed an April 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges dismissed the claims administrator's December 16, 2008, denial of Ms. Chanze's application for benefits as moot because of the corrected claims administrator's decision of March 5, 2009. The Office of Judges affirmed the March 5, 2009, claims administrator's decision, denying Ms. Chanze's application for benefits, because she was an independent contractor and elected not to maintain workers' compensation insurance. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Chanze worked as a home caregiver to Mr. Henthorn, who is a quadriplegic as a result of a workers' compensation injury and was awarded permanent total disability. Mr. Henthorn had been authorized to receive in home care based on his compensable injury and the claims administrator for his claim paid Ms. Chanze for her services. During the hiring process, Ms. Chanze was advised that she would have to pay her own income taxes on her hourly wages and that she should file a 1099-MISC tax form. Ms. Chanze was also required to complete an in-home daily care log and was provided a work schedule. On September 15, 2008, Ms. Chanze injured her back while lifting Mr. Henthorn from his bed to his wheelchair. The claims administrator denied her application for worker's compensation benefits on December 16, 2008, stating that Ms. Chanze was a self-insured employer. On March 5, 2009, the claims administrator issued a second decision, correcting its prior decision and denying Ms. Chanze's application for benefits because she was an independent contractor or sole proprietor and elected to not maintain workers' compensation insurance. On April 19, 2011, the Office of Judges dismissed Ms. Chanze's protest of the claims administrator's December 16, 2008, decision as moot by the corrected decision of March 5, 2009. The Office of Judges then affirmed the claims administrator's March 5, 2009, decision. The Board of Review affirmed the Order of the Office of Judges, leading Ms. Chanze to appeal.

The Office of Judges concluded that Ms. Chanze was not covered under West Virginia workers' compensation and that the claim was properly rejected. The Office of Judges recognized that West Virginia Code § 23-2-1 (2005) does not require coverage for domestic service employees or self-employed sole proprietors. Although the Office of Judges found that Ms. Chanze should more than likely be categorized as a sole proprietor instead of a domestic service employee of Mr. Henthorn, it reasoned that the characterization of the work relationship between her and Mr. Henthorn was not critical to whether she was entitled to workers' compensation benefits. The Office of Judges recognized that regardless of whether Ms. Chanze was a domestic service employee or sole proprietor, her claim for benefits would fail unless Mr. Henthorn elected to cover her as an employer or she elected coverage for herself. The Office of Judges did not find that Mr. Henthorn had elected to cover Ms. Chanze and it found that Ms. Chanze did not make an election to have coverage for herself as a sole proprietor. The Office of Judges determined that the claims administrator did not err in denying Ms. Chanze's application for benefits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the reasoning of the Office of Judges. Ms. Chanze was not covered by workers' compensation and her claim for benefits was properly denied. Mr. Henthorn was not required to have coverage for Ms. Chanze as a domestic service employee and he did not elect to do so. Finally Ms. Chanze did not elect to have coverage for herself as a sole proprietor and she did not pay into an insurance fund on her own behalf. Since she was not covered under workers' compensation, she is not entitled to benefits and her claim was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II